## JACOB *v.* DAVIS.

A verbal agreement for the sale of land or slaves is not null. The defect of such a contract relates only to the proof; and if one of the parties acknowledges the agreement, or permits parol evidence of it to be given without opposition, it must be carried into effect.

APPEAL from the Second District Court of New Orleans, *Canon, J.* *Griffon,* for the appellant. *Moise* and *W. M. Randolph,* for the defendant. The judgment of the court was pronounced by

ROST, J. This suit is instituted to rescind the sale of a slave, on the ground that he was addicted to running away. It is alleged that he ran away within two months after the sale made of him by the defendant; that he had not been eight months in the State at that time; and that, under the act of 1834, the presumption is that he had that vice at the time of the sale. The answer is a general denial. There was judgment against the plaintiff, as in case of non-suit, and he appealed.

It is admitted that the slave was taken up on the 4th September, after running away, and having been absent four days. He must, therefore, have absented himself on the last day of August. The authentic bill of sale to the plaintiff bears date the 10th of July, 1847. But the plaintiff has proved by parol evidence that the contract between him and the defendant was made before that date, to wit, on the 27th June, 1847, and that the slave was then de-

JACOB
v.
DAVIS.

livered, and came on the plantation of the plaintiff, where he remained untill he ranaway.

This evidence contradicts the notarial act of sale, but as it was adduced by the plaintiff himself, he must take the consequences. Our predecessors have repeatedly decided that a verbal agreement for land or slaves. even under the provisions of our Codes, was not null and void. That the defect which such a contract presented, relates solely to the proof; and, if one of the parties acknowledges the agreement, or permits parole evidence to be given of it with-' out opposition, it is the duty of courts of justice to carry it into effect. *Brown* v. *Frantum*, 6 La. 46.

We consider it proved, as the district judge did, that the sale and delivery took place on the 27th of June, and that the plaintiff has not brought himself within the provisions of the act of 1834.

The defendant has asked that the judgment be amended and made final in his favor. This application was not made in time, and cannot, therefore, be granted. Code of Practice, 890.                                *Judgment affirmed.*